UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADRIAN D. HACKNEY | CIVIL ACTION |
| VERSUS | NO. 15-562 |
| WESTBANK CONSOLIDATED SERVICE | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**ORDER AND REASONS**

This is an employment discrimination case which was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c), upon the written consent of all parties. Record Doc. No. 16.

On October 15, 2015, plaintiff's counsel filed a motion to withdraw from representing plaintiff. The motion was granted. Record Doc. Nos. 18 and 19. Plaintiff appeared before me on December 9, 2015, and described her efforts to find a new attorney. She was granted an additional 30 days to find representation and was ordered to again appear before me on January 13, 2016, to advise the court how she wished to proceed. Record Doc. No. 25.

On January 11, 2016, plaintiff contacted my office by telephone and advised that she had been unable to obtain a lawyer to represent her and requested to participate in the January 13, 2016 hearing by telephone. Plaintiff was granted permission to do so, but at the time of the hearing on January 13, 2016, plaintiff failed to contact the court by telephone or participate in the hearing in any way.

Because plaintiff failed to appear for the January 13, 2016 hearing, either in person or by telephone, I ordered her to appear <u>in person</u> before me on January 29, 2016 to show cause why she failed to appear for the January 13, 2016 hearing and provide all other information required by my previous order. Plaintiff was advised in the order that failure to appear in person as ordered would result in dismissal of her case for failure to prosecute. Record Doc. No. 27. On January 29, 2016, plaintiff again failed to appear as ordered or to contact the court in any way to provide the information previously required.

The record indicates that the court's orders setting the January 13 and 29, 2016, hearings, Record Doc. Nos. 25 and 27, were sent to plaintiff at the <u>email</u> <u>and</u> <u>postal</u> addresses provided to the court by plaintiff's counsel in his motion to withdraw. Record Doc. No. 18. The court's orders were returned in the mail to the court on December 24, 2015 and January 27, 2016, respectively, as undeliverable and with the notations "RETURN TO SENDER, INSUFFICIENT ADDRESS, UNABLE TO FORWARD." Record Doc. Nos. 26 and 28. Plaintiff has never provided the court with any corrective or current address, telephone number or other contact information.

Local Rules 11.1 and 41.3.1 impose on all attorneys <u>and pro se litigants</u> a continuing obligation to provide the court with an accurate current address and other contact information, under penalty of dismissal for failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or

comply with any order of the court.  Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than her counsel, is responsible for the delay or failure to comply with the court's order.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  Since the plaintiff in this case is in proper person, it is apparent that this court must weigh her actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.  In this case, plaintiff has twice failed to appear for hearings before the court, even when given the opportunity to do so by telephone.

In addition, "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."  Lewis v. Hardy, 248 Fed. Appx. 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

This court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply with the court's Local Rules and her failure to appear as ordered in the court's December 9, 2015 and January 13, 2016 orders clearly reflects a failure on the part of plaintiff herself to prosecute. This record of several failures to comply with the court's orders and rules establishes a clear record of continuing delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to plaintiff herself, justifying dismissal. See Torns v. State of Miss. Dept. of Corrections, 262 Fed. Appx. 638, 639, 2008 WL 217771, *1 (5th Cir. 2008); Raborn v. Inpatient Management Partners, Inc., 278 Fed. Appx. 402, 404-05, 2008 WL 2073880, *2 (5th Cir. 2008).

For all of the foregoing reasons, **IT IS ORDERED** that plaintiff's case is DISMISSED WITH PREJUDICE for failure to prosecute.

New Orleans, Louisiana, this ____29th____ day of January, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE